HUGH MEANS ET AL. *v.* CINCINNATI & CHICAGO R. R. Co. ET AL.

(No. 8,957.)

Railroad trust or mortgage bonds held by the company, or its agents, for the use of the company before delivery, are not subject to execution as property of the company; nor can they be subjected to sale by proceedings in aid of execution.

SPECIAL TERM.—The plaintiffs, holding a judgment against an Indiana corporation by the name of The Cincinnati and Chicago R. R. Co., filed a petition to subject to the payment of that judgment certain bonds in the hands of Smith and Gilbert, alleged to belong to their judgment debtor.   It appears that the Cincinnati and Chicago Railroad Company sued in this action, was not the corporation against whom the plaintiffs had obtained judgment, but another corporation

30

of like name in Ohio, and that between that corporation and Smith and Gilbert there was a dispute as to the ownership of the bonds.

At first Smith and Gilbert answer, denying that they have in their hands any property of the company. Afterward Gilbert answers, admitting that he holds five bonds of $1,000 belonging to the company, and submits to the order of the court as to their disposal.

In the mean time Watton J. Smith appears, who asks and obtains leave to file an answer, as having an interest in the subject matter of the suit. He asserts first, a judgment against the Ohio company for $3,000; secondly, by assignment, a lien on the bonds in favor of Smith and Lowe as attorneys of that company, for services, to the extent of $500: To this answer there is no reply on the part of the other defendants. Evidence was offered on the hearing to explain the position of the whole matter and the rights of the parties.

It appears that the railroad company desiring to raise money, executed bonds which were secured by a conveyance of real estate to a trustee. These bonds were in the hands of an agent who obtains a loan from the Newport Safety Fund Bank, of Kentucky, in their bills. These bonds are pledged as collateral security. The bank fails. The note and bonds get into the hands of Smith and Gilbert. An action is brought by the railroad company, alleging illegality and fraud in obtaining them from the agent, and a defense of a *bona fide* purchase on the part of Smith and Gilbert. The result is a compromise. One half of the bonds are retained, and the other half are to be given up; but before that is done, this action is brought and the bonds are still in the hands of Gilbert, as before stated. It was in conducting the action, thus resulting in a compromise, that the claim of Smith and Lowe, for professional services, accrued. There is no specific agreement as to a lien or claim on the bonds for these services. It appears that the charge for the services is reasonable.

The bonds bear date on the 1st July, 1854, they are pay-

able to bearer five years after date, with interest at 8 per cent. per annum, payable semi-annually in New York, and are for one thousand dollars each.

They were in the hands of the party who dealt with the Newport bank as agent; and it does not appear that they had ever before been delivered or passed into circulation. They are held by Gilbert as the property of the railroad company, obtained under the circumstances stated.

*Collins & Herron*, for plaintiffs.

*Job Pugh*, for defendant Smith.

*Ferguson & Long*, for Smith and Gilbert.

*Smith & Lowe*, for the railroad company.

GHOLSON, J.   It is plain that the claim of the plaintiffs must fail.

The first inquiry is, whether these bonds held by Gilbert, can be reached by an action in aid of a judgment creditor? If they can be, it is only as goods or effects subject to levy and sale in the hands of a third person.   There are cases in which it has been held that railroad bonds may be property and subject to seizure and sale.   *Burt* v. *Kentucky Trust Co.*, decided in this court.   But the principle can not apply when bonds have been made by the company, against which the judgment has been rendered, and are in the possession of its agent or held for its use, and have never, in fact, been delivered.   That such bonds are secured by a mortgage of real estate can make no difference.   It would be all one, as if a party should make a mortgage and secure ten notes, negotiate one and retain the others, and then claim that his land was incumbered by them all.   A railway company has no greater privilege in this respect than an individual.   If, after the bonds and mortgage are made and the latter recorded, the railroad still holds the bonds, its lands are not to

be exempted from the lien of a judgment, as to bonds not delivered. Those who deal with the railroad must look to the security in this respect at the time they take the bonds. There would be no other safe course.

As to the lien in this case, it does not appear in fact that there is any—no possession is shown, but the reverse. If this action prevented the lien from being in fact obtained, it will now be put out of the way. The attorneys if they be so entitled can get possession of the bonds, and then the question may arise, whether they can sell the bonds of their clients, never in fact delivered and held wrongfully under the claim of a lien. Upon that point it is not necessary for me to express an opinion.

In conclusion, I may remark, that the courts in my opinion have gone far enough at the instance of third persons, to whom they have been pledged, in selling the stock and bonds of railroad corporations. This case I think requires me to go further than any have yet gone within my knowledge, and this I am unwilling to do.

Action dismissed.